UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____

VINELLE LAWRENCE

                                                      Civil Action No.

            Plaintiff,

v.

UNITED STATES OF AMERICA

            Defendant.

_____

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b), 2671–2680**

    Plaintiff, Vinelle Lawrence, hereinafter, "Plaintiff", by and through undersigned counsel, hereby brings this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, and in support thereof states as follows:

## I.    INTRODUCTION

    This is a personal injury action brought under the Federal Tort Claims Act, (hereinafter "FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, against the United States of America. Plaintiff seeks redress for serious bodily injuries and economic losses sustained as a result of the negligence of a United States Postal Service, (hereinafter, "USPS") employee acting within the course and scope of his federal employment.

    On or about June 14, 2022, Plaintiff was lawfully operating her vehicle when a USPS mail truck traveling in a commercial parking lot at an excessive rate of speed, collided with her vehicle. The postal vehicle struck her with sufficient force to spin her car and deploy all airbags. The impact caused Plaintiff to suffer physical injuries requiring emergency care, ongoing medical treatment, and rehabilitation.

    Pursuant to 28 U.S.C. § 2675(a), Plaintiff timely submitted an administrative claim to the United States Postal Service on March 7, 2024. More than six months have elapsed without a final determination. Accordingly, this action is ripe and properly before the Court.

## II.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), which confers exclusive jurisdiction upon the district courts for claims against the United States arising from personal injuries caused by the negligent or wrongful acts of government employees acting within the scope of their official duties.

2. Plaintiff has satisfied the administrative exhaustion requirement under 28 U.S.C. § 2675(a) by timely presenting her claim to the United States Postal Service on March 7, 2024. More than six months have passed without a final determination.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this action occurred in the District of Massachusetts, and Plaintiff resides in this District

## III.    THE PARTIES

4. Plaintiff, Vinelle Lawrence, is an individual residing at 16 Harlem Street, Dorchester, Suffolk County, Massachusetts 02121.

5. Defendant, the United States of America, is the proper party defendant in actions brought under the FTCA. The United States acts through its agency, the United States Postal Service, which at all relevant times employed the individual whose negligent conduct gave rise to this action.

6. The USPS employee involved in the collision, Mike Tolbert, was acting within the scope of his federal employment at all relevant times.

## IV.    FACTUAL ALLEGATIONS

7. On June 14, 2022, at approximately 3:20 p.m., Plaintiff was lawfully operating her motor vehicle.

8. At the same time, a United States Postal Service mail truck, operated by a federal employee, Mike Tolbert, who acting within the course and scope of his employment with the United States Postal Service, was traveling at an excessive rate of speed and collided with Plaintiff's vehicle with substantial force.

9. The USPS vehicle involved in the collision bore vehicle number 7533350 which was visibly marked at the time of the incident.

10. The impact caused Plaintiff's vehicle to spin, and all airbags deployed.

11. After the collision, the USPS employee exited the vehicle and exchanged information with Plaintiff. A USPS supervisor also arrived at the scene.

12. Plaintiff initially presented to Carney Hospital on June 16, 2022, for evaluation of neck, back, right arm, and right knee pain.

13. Plaintiff subsequently received treatment at Brigham and Women's Hospital and underwent a course of rehabilitative therapy at Comeback Physical Therapy, where she was treated for ongoing musculoskeletal pain and functional impairments related to the collision. Plaintiff's injuries required ongoing physical therapy, diagnostic evaluations, and pain management.

14. Plaintiff suffered physical pain, emotional distress, disruption to her daily activities, and incurred significant medical expenses as a direct result of the collision.

## V.    CAUSE OF ACTION
### (Negligence under the Federal Tort Claims Act)

15. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

16. The USPS driver owed Plaintiff a duty to exercise reasonable care in the operation of the mail truck.

17. The USPS driver breached that duty by operating the vehicle at an excessive speed, failing to yield, and failing to keep a proper lookout.

18. As a direct and proximate result of the USPS driver's negligence, Plaintiff sustained serious personal injuries and economic damages.

19. Pursuant to the FTCA, the United States is liable for the negligent acts and omissions of its employees acting within the scope of their federal employment to the same extent as a private party would be liable under the laws of the Commonwealth of Massachusetts.

## VI.    DAMAGES

20. As a direct and foreseeable result of Defendant's negligence, Plaintiff suffered serious injuries, incurred medical expenses, lost wages, out of pocket transportation expenses, and endured emotional distress and suffering. Plaintiff seeks recovery for the following categories of damages:

a. General damages in the amount of $500,000.00, including physical pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life;
b. Past medical expenses estimated at approximately $20,000.00;
c. Lost wages and diminished earning capacity, the full extent of which will be established through discovery. Plaintiff reserves the right to supplement this claim as additional evidence becomes available.
d. Transportation-related expenses, including out-of-pocket costs for Uber and Lyft rides totaling approximately $1,110.00, and rental vehicle expenses estimated at approximately $490 per week. Plaintiff reserves the right to supplement and increase this amount as discovery and documentation continue
e. Any and all other damages permitted by law and established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendant in an amount to be determined at trial, including compensatory damages, costs, and interest;
B. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Audai C. Cote*
Audai C. Cote (MA Bar No. 695543)
Carli M. Buono (MA Bar No. 706988)
Georges Cote LLP
235 Marginal Street
Chelsea, MA 02150
Tel. (617) 884 1000
Fax (617) 884 1002
ACote@georgescotelaw.com
CBuono@georgescotelaw.com

Counsel for Plaintiff Vinelle Lawrence

Dated: June 10, 2025

# EXHIBIT A

Administrative Claim (SF-95)